Fourth Appellate Department, October 1904. Reported. 97 App. Div. 641.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRITZ
BRAND, Appellant.

*M. H. Powers,* for Appellant.

Appellant was found guilty of selling liquor on Sunday to
persons not guests of his hotel, and was fined four hundred
dollars, which he paid.   A refusal to postpone trial of an indict
ment when good cause is shown, will be reviewed as matter of law
by the Appellate court.   (*People* v. *Calabur,* 91 App. Div. 529;
*People* v. *Vermilyea,* 7 Cow. 383; Section 357 Code of Criminal
Procedure; *Eighmy* v. *The People,* 79 N. Y. 546; *People* v. *Horton,*
4 Park. Cr. Rep. 222; *People* v. *Webster,* 92 N. Y. 422.)   It was
prejudicial error for the court to permit the People to ask the wit
ness Marsh as to sales of liquor at the defendant's premises hours
after sale charged in the indictment.   (*People* v. *Hansen,* 35 Misc.
590; *People* v. *Satchwell,* 61 App. Div. 312; *People* v. *Huffman,*
24 App. Div. 233; *People* v. *Werner,* 174 N. Y. 132; *People* v.
*Andrews,* 74 App. Div. 542.)   This witness was permitted to tell
how many people came and went away from defendant's place;
that people were dancing on the outside; that in the barroom
people were being waited on by two bartenders, and that liquor
was served over the bar.

As a general rule, on the trial for an offense, proof is not
admissible that the accused has committed another, though it be
of the same kind.   There are exceptions when guilty knowledge is
a part of the crime.   (*People* v. *Dowling,* 84 N. Y. 478; *People* v.
*Gibbs,* 93 N. Y. 470; *People* v. *Haver,* 4 N. Y. Crim. Rep. 171;
*People* v. *Sharp,* 107 N. Y. 427; *People* v. *Greenwall,* 108 N. Y.
296; *People* v. *White,* 39 Crim. Rep. 366; *Hall* v. *People,* 6 Park.
Cr. Rep. 671; *People* v. *Robertson,* 88 App. Div. 198; *People* v
*Flaherty,* 162 N. Y. 532.)   It cannot be pretended that guilty
knowledge was any part of the crime charged in this case.   The
admission of this evidence tending to prove subsequent crimes was
error. (*People* v. *Smith,* 172 N. Y. 243; see also *People* v. *Green-
wall,* 108 N. Y. 296; *People* v. *Wood,* 126 N. Y. 249; *People* v
*Corey,* 148 N. Y. 476, 494; *People* v. *Koerner,* 154 N. Y. 355, 376.)
The burden of showing that illegal and improper evidence which

was received was harmful was not upon the appellant. (*Green* v. *White,* 37 N. Y. 405, 407; *Stokes* v. *People,* 53 N. Y. 164; *People* v. *Corey,* 148 N. Y. 476, 494; *People* v. *Strait,* 154 N. Y. 165, 171; *People* v. *Helmer,* 154 N. Y. 596, 602.)

*Timothy Curtin,* District Attorney, for the People.

The affidavits used on the motion to postpone the trial show the witness mentioned was outside of the State, and does not show how or why the affiant knew that such witness would return at a time stated, or from whom his information was received. The defendant's place of business was a summer resort never intended as a hotel. Liquor was sold on Sunday in the barroom, and defendant was present, drinking with People's witnesses. It was proper to show the conditions of the resort on the day in question, whether the bar was open, and as to the character and size of the crowd and the surroundings, as bearing on the question of whether the place was a hotel or whether it was a resort run for the purpose of amusement and drinking on Sunday. (*Cullinan* v. *Kisselbrack,* 46 Misc. 106.) The evidence of William Marsh was competent to show that the defendant was at the resort, and had knowledge that his place was open and being run by his servants. The sale to the People's witnesses was not made by the defendant, but by one of his employees. The evidence of the defendant himself shows that the place was not built for hotel purposes, nor run as a hotel. The fact that after the People's witnesses purchased and drank liquor in the barroom, they went outside and bought three sandwiches, paid for and ate the same, would not make them guests of the hotel. The court correctly so charged the jury.

Judgment of conviction and order denying application to postpone trial, etc., also denying motion for a new trial, affirmed.

All concurred, except WILLIAMS, J., not voting.